IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LONG, # 165528, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:19-CV-507-ECM-KFP |
| | ) | (WO) |
| PATRICE RICHIE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on July 16, 2019, by Michael Long, an Alabama inmate proceeding pro se. Doc. 1.[1] Long challenges his 1991 Lee County conviction for first-degree rape and his sentence of life imprisonment. As discussed below, the Court finds that Long's petition is time-barred.

## I.      BACKGROUND

### A.      State Court Proceedings

On November 15, 1991, a Lee County jury found Long guilty of first-degree rape in violation of ALA. CODE § 13A-6-61. Doc. 9-2 at 74–75. On December 18, 1991, the trial court sentenced Long to a term of life in prison. *Id.* at 78. Long appealed and, on July 24, 1992, the Alabama Court of Criminal Appeals affirmed his conviction by memorandum opinion. Doc. 9-5. Long's application for rehearing was overruled, and the Alabama

---

[1] References to "Doc(s)" are to the document numbers of the pleadings, motions, and other materials in the Court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Supreme Court denied his petition for writ of certiorari on November 25, 1992. Docs. 9-6 through 9-9.

On October 27, 1993, Long filed a pro se petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure based on claims of ineffective assistance of trial counsel. *See* Docs. 9-12, 9-13, 9-14. On February 4, 1997, the trial court denied Long's Rule 32 petition. Doc. 9-13 at 3. Long did not appeal the denial of his Rule 32 petition.

### B.     Long's § 2254 Petition

On July 16, 2019, Long filed this 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. 1. In his petition, Long asserts numerous claims of trial error and ineffective assistance of trial counsel. *Id*. In addition, he asserts that he is actually innocent. *Id*. On January 17, 2020, Long filed an amendment to his § 2254 petition, asserting additional claims of trial error, ineffective assistance of counsel, and actual innocence. Doc. 16.

Respondents argue that Long's petition is time-barred under the one-year federal limitation period. Docs. 9 at 26–28; Doc. 19. The undersigned agrees and, consequently, finds that Long's petition should be DENIED without an evidentiary hearing and that this case should be DISMISSED with prejudice.

## II.     ANALYSIS

### A.     AEDPA's One-Year Statute of Limitations

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.     Discussion of Timeliness of Long's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, after the Alabama Court of Criminal Appeals affirmed Long's conviction, Long sought rehearing in that court and certiorari review in the Alabama Supreme Court.

On November 25, 1992, the Alabama Supreme Court denied his petition for certiorari, and a certificate of judgment issued on that same date. Because he sought certiorari review in Alabama's highest court, Long was allowed 90 days after the state court's November 25, 1992 issuance of a certificate of judgment to seek certiorari review in the U.S. Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Long filed no petition for writ of certiorari in the U.S. Supreme Court. Therefore, for purposes of the AEDPA, his judgment of conviction became final on February 23, 1993 (i.e., 90 days after November 25, 1992). However, as next discussed, statutory tolling under 28 U.S.C. § 2244(d)(2) extended the AEDPA deadline for Long to file his federal habeas petition.

### 1.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence. On October 27, 1993, Long filed a Rule 32 petition in the state trial court. Under § 2244(d)(2), that filing tolled the AEDPA's limitation period. At that time, the one-year period to file a § 2254 petition had run for 246 days (i.e., from February 23, 1993 to October 27, 1993). The trial court denied the Rule 32 petition on February 4, 1997. Because Long did not appeal the trial court's February 4, 1997 denial of his Rule 32 petition, the Rule 32 proceedings, for purposes of the AEDPA, concluded on March 18, 1997, i.e., 42 days after February 4, 1997.

On March 18, 1997, when the federal clock began running again (upon conclusion of the Alabama Rule 32 proceedings), Long had 119 days (i.e., 365 minus 246) remaining

to file a timely § 2254 petition. The AEDPA limitation ran unabated without a tolling event for those 119 days, and without Long filing a § 2254 petition, expiring on July 15, 1997.

The provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Long to afford a different triggering date for the AEDPA's limitation period to commence on some date later than February 23, 1993, or expire (with statutory tolling under § 2244(d)(2)) on some date later than July 15, 1997. There is no evidence that an unlawful state action impeded Long from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Long submits no ground for relief with a factual predicate not discoverable earlier with due diligence, *see* 28 U.S.C. § 2244(d)(1)(D). Long also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Accordingly, the AEDPA's statute of limitations expired on July 15, 1997. Long filed his § 2254 petition on July 16, 2019—more than a decade after the limitation period expired. Therefore, his petition is untimely under the AEDPA.

## 2.    Equitable Tolling

Long argues that the untimely filing of his § 2254 petition should be excused based on equitable tolling. *See* Doc. 13 at 2–3; Doc. 16 at 5. The AEDPA limitation period may be equitably tolled on grounds besides those in the habeas statute if a petitioner untimely files "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional

circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). The U.S. Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

Long argues he is entitled to equitable tolling because, he says, he failed to timely file his § 2254 petition due to his insufficient knowledge of the law regarding the filing of habeas petitions. Doc 13 at 2–3; Doc. 16 at 5. However, lack of legal training or a general ignorance or confusion regarding the law is not an "extraordinary circumstance" warranting equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000); *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). Long, therefore, is not entitled to equitable tolling on this ground.

Long also argues as a basis for equitable tolling that he had limited access to his trial transcript and other court documents that he says he could have used to frame his claims of trial error and other alleged constitutional violations. *See* Doc. 16 at 5; Doc. 22 at 2–3. Even if Long was not in possession of his trial transcript and other court documents during the running of the AEDPA statute of limitations, he has failed to set forth any "extraordinary circumstance" that prevented him from filing a timely habeas petition. Long was present at his trial and knew the bases on which he could have asserted his present

claims.[2] Moreover, Long fails to demonstrate that he exercised the required diligence in pursuing his habeas rights before the AEDPA limitation period expired. *See Holland*, 560 U.S. at 653. Long makes only generalized assertions about his alleged attempts to obtain the trial transcript and other court documents he might have used to frame his habeas claims. *See* Doc. 16 at 5; Doc. 22 at 2–3.

In light of the foregoing, Long fails to establish that extraordinary circumstances prevented him from filing a timely § 2254 petition and that he pursued his rights with the requisite reasonable diligence. Therefore, he is not entitled to equitable tolling, and his § 2254 petition is time-barred under the AEDPA statute of limitations. 28 U.S.C. § 2244(d).

## C.    Actual Innocence

Long further claims he is actually innocent of the offense of which he was convicted. *See* Doc. 1 at 2, 27–29; Doc. 16 at 1–2; Doc. 22 at 4–10. The AEDPA statute of limitations can be overcome—opening the door to review of constitutional claims in an otherwise time-barred petition—by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway

---

[2] *See Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002) ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (delay in obtaining transcript not a basis for equitable tolling of one-year limitation period); *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling."); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (delay in receipt of transcript does not warrant equitable tolling); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000) (transcript unnecessary to prepare habeas petition); *Fadayiro v. United States*, 30 F. Supp. 2d 772, 779–80 (D. N.J. 1998) (delay in receiving transcripts not sufficiently extraordinary to justify application of equitable tolling); *United States v. Van Poyck*, 980 F. Supp. 1108, 1110–11 (C.D. Cal. 1997) (delay in receipt of transcript not an "extraordinary circumstance" sufficient to justify equitable tolling); *see also Robinson v. Johnson*, 313 F.3d 128, 142–43 (3d Cir. 2002) (petitioner's claim of deprivation of legal materials did not warrant equitable tolling).

to review of time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In *Schlup*, the Supreme Court stated:

[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

As evidence of his purported actual innocence, Long asserts that the trial transcript shows that the victim, T.A.T., could not identify him in open court. *See* Doc. 1 at 23–29. However, the record reflects that T.A.T. testified that, because it was dark during the incident, she could not see her attackers' faces.[3] Doc. 9-1 at 57, 60–63. T.A.T.'s inability to identify Long in court as one of her attackers is not evidence of Long's factual innocence,

---

[3] T.A.T. testified at trial regarding the incident, which occurred late at night on August 26, 1991. T.A.T. testified that, as she sat in her car outside a closed Lee County convenience store, using a pay telephone to call her father, a man walked in front of her car and asked her how long she would be on the phone. Doc. 9-1 at 53–54. Shortly after that, another man approached her from behind, placed a shotgun to her neck, and told her to get out of her car. *Id.* at 54–55. T.A.T. testified that she could not see the men's faces. *Id.* at 57. She stated that one of the men was "skinny," and one was "built kind of big." *Id.* The two men walked T.A.T. behind her car, where another car had pulled up. *Id.* at 55–56. T.A.T. testified that she saw a third man sitting inside that car. *Id.* 56–57. T.A.T. testified that she broke loose from the men and ran into the woods. *Id.* at 58–59. T.A.T. testified that she was chased down by the men and raped. *Id.* 59–60. T.A.T. stated that she believed at least two of the men participated in the actual rape, while another left the woods after the others told him to get the keys to T.A.T.'s car. *Id.* at 59. T.A.T. stated that she heard her car drive away as she was being assaulted in the woods. *Id.* at 59–60. T.A.T. testified that she couldn't identify her attackers because it was too dark during the incident. *Id.* 60–61. After the attack, the men left T.A.T. in the woods, and she ran to a nearby house, where the police were called. *Id.* at 61, 64–65.

8

and Long's characterization of T.A.T.'s testimony—testimony heard by the jury—is manifestly not *new* evidence.

As further purported evidence of his actual innocence, Long asserts that the police fabricated his confession. *See* Doc. 16 at 1–14. That confession, in which Long admitted committing the rape with three other men (one of whom was his cousin), was reduced to writing, signed by Long, and introduced at trial as part of the State's case. Doc. 9-1 at 163–66. Long took the stand at trial and denied giving the confession. Doc. 9-2 at 37–38. Long's reassertion of his claim that his confession was fabricated is unsupported by any new, reliable independent evidence.

Long also asserts, as purported evidence of his actual innocence, his claim in his confession, as reduced to writing by the police, that he "didn't come" in the commission of the rape (*see* Doc. 9-1 at 165), which he says conflicts with the State's serological evidence showing that seminal fluid retrieved from T.A.T.'s rape kit indicated the presence of a Group A secretor (the same blood group as Long's).[4] Doc. 16 at 4–5. Long's theory, however, presumes that he was not lying when he told the police he did not ejaculate during the rape or that no other participant in the rape was a Group A secretor. Long's theory also does not negate the evidence showing that his actions, as recounted in his confession, satisfied the elements of the offense of first-degree rape, whether he was the source of the seminal fluid retrieved from T.A.T.'s rape kit.

---

[4] Testimony indicated that Group A secretor's make up approximately 22% of the population and that the presence of a Group A secretor in the swab sample meant that Long could "not be excluded" as the source of the seminal fluid. Doc. 9-1 at 211–12.

Relatedly, Long suggests that his cousin, who is also a Group A secretor and who was implicated by Long in his confession as one of the participants in the rape and later pled guilty to participating in the rape, was guilty of the crime of which Long was convicted. *See* Doc. 22 at 4–10. The jury heard testimony that Long's cousin was, like Long, a Group A secretor. Doc. 9-1 at 213. This matter does not constitute new evidence, and it plainly fails to demonstrate Long's factual innocence of rape.

Long has pointed to no new reliable evidence to sustain a claim of actual innocence under the *Schlup* standard. He merely references evidence actually presented to the jury, which convicted him after considering that same evidence. *See* Doc. 1 at 2, 27–29; Doc. 16 at 1–2. Essentially, Long reargues the sufficiency of the State's evidence while presenting his own theories on how all the evidence should have been weighed. Such arguments, predicated on Long's own interpretations of the import and credibility of the evidence presented at trial, will not sustain a claim of actual innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.*, 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, No. 2:10-CV-242, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Long fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. As Justice O'Connor emphasized in *Schlup*, the Supreme Court

strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). This is not such a case. Because the actual-innocence exception does not apply, the claims in Long's untimely § 2254 petition are not subject to federal habeas review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Long's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice because the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that, by **March 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec.,*

*Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of February, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE